**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSIE ABRAM, | No. 08-17434 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-03006-PJH |
| v. | |
| CITY & COUNTY OF SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted December 2, 2009
San Francisco, California

Before: B. FLETCHER, THOMAS and N.R. SMITH, Circuit Judges.

Susie Abram appeals the district court's adverse summary judgment grant

for her action under 42 U.S.C. § 1981 against the City and County of San

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Francisco ("City"), Department of Public Health, and William Frazier, Director of Therapeautic Activities, Laguna Honda Hospital. We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

I

We review a district court's grant of summary judgment de novo. *Strahan v. Kirkland*, 287 F.3d 821, 825 (9th Cir. 2002). The court "must determine, viewing the evidence in the light most favorable to the nonmoving party, whether the district court correctly applied the relevant substantive law and whether there are any genuine issues of material fact." *Balint v. Carson City*, 180 F.3d 1047, 1050 (9th Cir. 1999) (en banc).

Abram has not established a material issue of fact as to her claims of discrimination and retaliation. She has not alleged any statements or actions "prov[ing] the fact of [discriminatory or retaliatory] animus without inference or presumption." *Coghlan v. Am. Seafoods Co.*, 413 F.3d 1090, 1095 (9th Cir. 2005) (internal quotations marks, alteration, and citation omitted); *see also Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).

She has not raised indirect evidence "showing that the employer's proffered explanation is 'unworthy of credence' because it is internally inconsistent or

otherwise not believable." *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 849 (9th Cir. 2004) (internal quotation marks and citation omitted).

Abram claims that disciplinary actions taken against her by her supervisor were unwarranted, and were instituted against her as a result of her race and in retaliation for her complaints of discriminatory treatment. However, Defendants demonstrated legitimate, nondiscriminatory reasons for the disciplinary measures – problems with Abram's work performance.

Abram has not shown that Defendants' proffered justification for the disciplinary measures is "unworthy of credence." She does not dispute the factual circumstances underlying the discipline and fails to point to specific instances in which other individuals who committed similar offenses were subject to less punishment.

Abram contends in her brief and at oral argument that she has been a good employee with an excellent work record over a long tenure. She contends that her recent treatment by her supervisors was unjustified. Accepting that as true, for the sake of argument, it still does not–without more–create a genuine issue of fact as to a claim of racial discrimination under federal law.

## II

Abram also alleges that Defendants conduct created a hostile workplace environment. In order to prevail on a hostile workplace environment claim premised on race, Abram must show: (1) that she was subjected to verbal or physical conduct of a racial nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of plaintiff's employment and create an abusive work environment. *See Vasquez v. City of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2004). Abram cannot make a prima facie showing of hostile workplace harassment because she does not allege any particularized facts indicating she has suffered any verbal or physical conduct of a racial nature. *See Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108-1109 (9th Cir. 2008) (plaintiff failed to state a hostile workplace harassment claim where the comments she complained of were performance-related, not based on race).

## III

Because we affirm the district court's grant of summary judgment as to Abram's claims of race discrimination, retaliation and hostile workplace harassment, we need not reach the issue of the City's liability under *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658 (1978) because the City is not vicariously liable if there is no underlying liability.

**AFFIRMED.**